# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES CURTIS ANDERSON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | 7:12-cv-8005-IPJ-PWG |
| | ) | (2:10-cr-0241-IPJ-PWG) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

James Curtis Anderson is serving a 188-month sentence imposed by this court upon his plea of guilty for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), as enhanced by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Anderson, now acting *pro se*, has moved to vacate, set aside or correct that sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 37 ("§ 2255 Motion" or "§ 2255 Mot."))[1]. In his motion, Anderson raises a single claim: that his trial counsel provided constitutionally ineffective assistance because he failed to argue that an Alabama state armed robbery conviction used to enhance his sentence was only a juvenile offender adjudication and thus did not qualify a "violent felony" for purposes of the ACCA. On March 6, 2012, the magistrate judge entered findings and a recommendation that Anderson's motion is due to be denied. (Civ. Doc. 2). Anderson has now filed objections thereto. (Civ. Doc. 3).

Having carefully reviewed and considered *de novo* all the materials in the court file, including

---

[1] Citations to "Civ. Doc(s) ___" are to the document numbers assigned by the clerk to the pleadings and other papers in the court file of this § 2255 "civil" case, 2:12-cv-8005-IPJ-PWG, as reflected on the docket sheet. Citations to "Crim. Doc. ___" are to the document numbers of filings in the underlying "criminal" case, 2:10-cr-0241-IPJ-PWG.

the findings and recommendation and the objections filed by Anderson, the court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED.  Anderson's objections are OVERRULED.  Specifically, the court agrees with the magistrate judge that the Alabama circuit court case action summary sheet attached to Anderson's § 2255 motion contains a stamp entry dated "3-10-89" stating, "The Defendant's application to be tried under the Alabama Youthful Offender Act is denied and overruled."  (§ 2255 Mot. at 13). Accordingly, Anderson was convicted of second degree robbery as an adult in that case, not merely adjudicated as a youthful offender, and his attorney was not ineffective in failing to argue that the conviction did not qualify as a violent felony under the ACCA.  As a result, Anderson's § 2255 motion is due to be DENIED.  A separate final judgment will be entered.

As to the foregoing it is SO ORDERED this the 2nd day of April 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE